# EXHIBIT I



February 16, 2023

**(Via email to agyebi@firstiniplaw.com)**

Amaris Gyebi
Beusse Sanks
157 E. New England Ave., Suite 375
Winter Park, Florida 32789

RE: *Vital Pharmaceuticals, Inc. d/b/a VPX Sports vs. Dang Foods Company* (U.S.D.C. So. Dist. Fl., Case No. CACE-21-022185): Meet and Confer Regarding Dang Foods Company's Discovery Responses

Dear Ms. Gyebi,

    I write on behalf of my client, Vital Pharmaceuticals, Inc., d/b/a VPX Sports ("Vital"), regarding the seriously deficient discovery responses served by your client, Dang Foods Company ("Dang"), on February 10, 2023, and concerning the case titled *Vital Pharmaceuticals, Inc. d/b/a VPX Sports vs. Dang Foods Company*, Case No. 0:21-cv-61119, pending in the United States District Court for the Southern District of Florida (the "Lawsuit").

    Vital served Dang with a First Set of Requests for Production of Documents to Defendant ("RPDs") and a First Set of Interrogatories to Defendant ("Interrogatories") (collectively, the "Discovery Requests") on September 28, 2022. Per Federal Rules of Civil Procedure, rules 33(b)(2) and 34(b)(2)(A), Dang needed to respond to both sets of requests by October 28, 2022. Instead, however, Dang failed to provide any sort of response (not even objecting to the Discovery Requests) for nearly four months despite numerous demands from Vital to provide responses and without any legitimate basis to avoid responding. Further, after that substantial delay, and only after counsel for Vital threatened to file a motion to compel asking the Court to order Dang's compliance with its basic discovery obligations, did Dang finally respond with frivolous objections. Dang lacks any legitimate basis for not providing complete and compliant responses to the Discovery Requests and by this letter Vital demands better responses or it will be forced to seek the Court's intervention.

    Since just days before Dang's deadline to respond, Dang has taken the erroneous position that its intention to close its business and Vital's separate and unrelated Chapter 11 bankruptcy petition somehow obviates the need for Dang to comply with the Federal Rules of Civil Procedure. Dang, however, fails to provide authority for this position, likely because none exists. First, the automatic stay that goes into effect upon a debtor's filing of Chapter 11 bankruptcy only applies to actions *against* the debtor, not actions being pursued by the debtor like Vital's case against Dang. *See*, 11 U.S.C. § 362(a). Second, while 11 U.S.C. § 108(b) provides the *debtor* (Vital), a sixty-day extension to "file any pleading, demand, notice, or proof of claim or loss, cure a default,






©2023 VITAL PHARMACEUTICALS, INC.

or perform any other similar act. . ." nothing in that section or elsewhere in the Bankruptcy Code extends any deadlines for non-debtors and/or non-creditors like Dang. Third, while counsel for Dang has repeatedly stated that Dang intends to wind down its business, nothing about that plan in any way changes Dang's obligations to respond to discovery in this case. Moreover, from all publicly available information, Dang appears to continue to operate and sell its products, with its website remaining active and directing potential customers to amazon.com where dozens of Dang products remain on sale. Simply put, the Lawsuit continues regardless of Dang's plans to end its business and desire for this case to simply go away. Lastly, the protective order already in place in the Lawsuit eliminates any worries Dang may have about the confidentiality of any information exchanged in this case. Nothing prevents discovery from occurring as normal in this litigation.

When Dang finally provided written responses to the Discovery Requests, those responses consisted solely of baseless objections, provide no substantive information or documents. By its responses Dang tries to avoid its duties in this litigation by referencing Vital's bankruptcy petition despite that matter having no relation to the present case whatsoever. Vital filed its petition under Chapter 11 of the U.S. Bankruptcy Code, which at base means that Vital continues to operate its business as normal – including pursuit of claims on behalf of the company - and plans to come through the other side of the proceeding as an ongoing concern. For all intents and purposes of this litigation, Vital continues to operate as though it never filed its bankruptcy petition.

Dang raises numerous unfounded objections to basic discovery requests that target inarguably relevant information and documents. Both the RPDs and the Interrogatories seek discoverable information regarding Dang's development, use, and registration of the marks at issue in this matter, evidence of potential consumer confusion, the creation, advertising, marketing, distribution, and sale of its products, and financial information and documents relevant to Vital's potential damages in this case. In response to these clearly relevant and proper discovery requests, Dang defiantly refused to provide any sort of substantive answers, instead hoping Vital will suddenly just drop its claims and let Dang off the hook for its infringement and unfair competition. Unfortunately for Dang, Vital plans to continue to pursue its claims against Dang.

Nearly all of Dang's "responses" to the Discovery Requests consist solely of a narrative objection claiming that Dang's plans to close its doors and Vital's misfortune in entirely unrelated cases combine to relieve Dang of its discovery obligations. Dang provides no support for this position. Neither Dang's stated plans to eventually wind down its business, or the outcome of completely different cases involving Vital (some of which are subject to ongoing appeals), bear any weight in the Lawsuit as it currently stands. Both Vital and Dang continue to operate their respective businesses, Vital alleged valid claims against Dang in the Lawsuit, the litigation persists, and Dang remains obligated to comply with the Federal Rules of Civil Procedure.

All Vital's Discovery Requests seek relevant and discoverable information. Instead of providing the requested information, however, Dang simply repeats the same baseless objection over and over. Although Dang provided some documents showing basic financial information

 



(and only after repeated requests to do so), those documents fall well short of being complete productions of the relevant documents sought by Vital's requests.

### Vital's Requests for Production of Documents

RPDs 1 through 4, 8 through 11, 13, and 18 seek documents and/or product exemplars that refer or relate to Dang's use of the Marks at issue in the Lawsuit, including marketing, advertising, licensing, and promotional information, documents regarding the development, first and subsequent uses, distribution, and sale of Dang's products bearing the relevant Marks, and similar highly relevant documents to Vital's claims against Dang under the Lanham Act.  *See*, 15 U.S. Code § 1114, 1125.  In response, Dang copy-pastes the same baseless objection to all four RPDs before inexplicably stating "none."  Even Dang's "none" assertions in its responses to RPDs 1 through 4 leave Vital perplexed, as it is unclear whether Dang's response is that the requested documents do not exist (a highly unlikely situation), or that the documents exist but Dang will not produce them.  The former reading strains credulity, as it would be extraordinary for a company like Dang, that just last year boasted on National Public Radio that it sold its products in over 10,000 stores across the country, grew to that degree without any marketing, advertising, catalogues, product literature, etc. that included their Marks at issue in the Lawsuit.[1]  Indeed, with respect to RPD 1 in particular, requesting samples of Dang's products that utilize the Marks at issue in this case, any assertion by Dang that no such items exist would be demonstrably false - Dang continues to sell products bearing the infringing Marks via amazon.com.[2]  Clearly, Dang has possession, custody, and/or control of relevant items responsive to this unobjectionable RPD.

RPD 5 seeks relevant documents related to Dang's "conception, creation, selection, or adoption of [Dang]'s Marks," including documents identifying the decision makers involved in developing those Marks.  Such information clearly meets the relevancy threshold for discovery as the requested documents potentially constitute evidence of Dang's mindset when choosing its Marks. If such evidence reveals that Dang intentionally tried to use the Marks to confuse consumers that would entitle Vital to treble damages under the Lanham Act.  *See*, 15 U.S. Code § 1117(b).  As with its other responses, Dang again stated only its nonsense objection about its plans to end its business and Vital's bankruptcy, followed by another meritless objection that the burden on Dang outweighs the usefulness of producing the requested documents because Dang plans to close its doors.  As before, this position is not a valid objection or reason to disregard Vital's request.

Several RPDs Dang refused to provide documents for seek highly relevant information regarding Dang's finances, including sales, distribution, revenue, and costs related to its use of the infringing Marks, including RPDs 6, 15 through 17, and 20 through 22.  Despite such information clearly constituting relevant discoverable information as to Vital's potential damages in a case

---

[1] https://www.npr.org/2022/01/21/1074911897/dang-foods-vincent-and-andrew-kitirattragarn
[2] https://www.amazon.com/stores/Dang+Foods/page/3D69F120-DB50-499F-8FED-6A6CE71F8350

 



©2023 VITAL PHARMACEUTICALS, INC.

concerning the Lanham Act and unfair competition claims (*see,* 15 U.S.C. §§ 1117, 1114), Dang's response only reiterated its position that entirely unrelated matters permit Dang to completely ignore Vital's Discovery Requests and that Dang's plans to wind down its business some unstated time in the future render any response unduly burdensome.  This objection holds no more weight in response to these RPDs than it does for any of the other requests Dang copy-pasted its statements in.  Dang also repeatedly states properly responding to the request would "take an unreasonable amount of time," a particularly unavailing argument where Dang let over four months pass after receipt of the Discovery Requests before it served its objection-only responses.  If Dang feels time is running out, perhaps it should have started collection and production of the requested information upon receipt of the Discovery Requests instead of wasting time hoping the Lawsuit would simply go away.  Vital's requests seek relevant discoverable information and the Federal Rules of Civil Procedure obligate Dang to produce it.

Vital's remaining RPDs seek perhaps the most relevant and important documents in this case – documents relating to potential consumer confusion between Dang's and Vital's Marks, but again Dang refused to provide complete productions.  *See*, 15 U.S.C. § 1125(a) (attaching liability to any person that uses trade dress that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person").  Nothing could be more relevant to a case involving the Lanham Act than the documents Vital seeks with these RPDs and Dang must produce the documents sought.  Additionally, as with some of its responses to other RPDs, Dang states "none" in response to requests seeking documents showing potential consumer confusion but fails to clarify whether no such documents exist, or Dang just refuses to produce them.

### **Vital's Interrogatories**

Dang's responses to the Interrogatories follow a similar pattern as its responses to the RPDs.  In each response to all 12 of Vital's Interrogatories, Dang asserts that peripheral matters inexplicably relieve it of its obligations to fully participate in discovery.  This objection finds no more legal support in connection with the Interrogatories than it did in response to the RPDs.  In contrast to its RPDs responses, however, Dang tries to avoid providing substantive responses by stating Vital should take 30(b)(6) depositions of Dang instead.  First, that is not a proper basis to object to discovery and refuse to respond.  Second, and perhaps most telling of Dang's *laissez faire* attitude towards its discovery obligations, in response to Interrogatory 1, asking Dang to identify any person answering or assisting in answering the Interrogatories, Dang responded "none."  That response implies Dang and its counsel failed to even try to locate and provide available relevant information.  Federal Rules of Civil Procedure, rule 33 obligates Dang to provide all relevant information available to it and fully answer each question "separately and fully in writing under oath."  Dang clearly knows who among its officers, agents, and/or employees possess the requested information – Dang specifically names Andrew and Vincent Kitirattragarn as people with knowledge of the information – but apparently considered it too burdensome to ask for that

 



information and put it in writing. This approach to responding to Vital's requests is completely unacceptable and arguably sanctionable.

## Conclusion

As detailed above, Dang's responses to the Discovery Requests completely fail to comply with its obligations under the Federal Rules of Civil Procedure. Vital seeks relevant, discoverable information via its Discovery Request and Dang must provide complete, coherent, and valid responses. Considering impending deadlines in this case, Dang must produce responsive documents and provide complete Interrogatory answers by close of business (5 p.m. ET) on Friday, February 17, 2023, or Vital will have no choice but to take this matter before the Court.

Of course, Vital is willing to meet and confer with Dang's counsel to discuss this matter further. But short of Dang finally and promptly producing real responses to the Discovery Requests, Vital will file a motion to compel.

Sincerely,
/s/ *Daniel Hurtes*
Daniel Hurtes
Senior Litigation Counsel
Vital Pharmaceuticals, Inc.
*Attorney for Plaintiff*


